IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David Colter, Jr., ) | Civil Action No.:2:15-cv-1970-BHH-MGB |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Administrator of Barnwell County ) | |
| Detention Center, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment, (Dkt. No. 20; *see also* Dkt. No. 21), and Petitioner's Motion for Summary Judgment, (Dkt. No. 24).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

Petitioner brought the instant habeas action in May of 2015. (*See* Dkt. No. 1.) On September 25, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 20; *see also* Dkt. No. 21.) Petitioner filed a Motion for Summary Judgment on or about November 5, 2015. (Dkt. No. 24.)

**PROCEDURAL HISTORY**

At the time he filed his petition, Petitioner was confined at the Barnwell County Detention Center of the South Carolina Department of Corrections ("SCDC"). In October of 2008, the Orangeburg County Grand Jury indicted Petitioner for felony driving under the influence (death). (*See* R. at 71–72.) Petitioner was represented by C. Bradley Hutto, Esquire. (*See* R. at 1.) Petitioner pled guilty before the Honorable Edgar Dickson on August 6, 2009. (R. at 1–14.) Judge Dickson sentenced Petitioner to eight years of incarceration. (R. at 12.)

Petitioner did not file a direct appeal.

On December 16, 2009, Petitioner filed an application for post-conviction relief ("PCR"). (*See* R. at 15–23.) Petitioner raised the following grounds for relief in his application:

1

    (a)    Ineffective Assistance of Counsel

    (b)    Bias By Trial Judge

    (c)    Denial of Preliminary Hearing

(R. at 17.) In support of those claims, Petitioner argued as follows:

### Ineffective Assistance of Counsel

The Applicant alleges that Counsel (Hutto) was ineffective which is a violation of the United States Constitution, Bill of Rights, Amendment VI, effective assistance of counsel.

The Applicant alleges Counsel failed to properly investigate the case lodged against Applicant. See *Wiggins v. Smith*, 123 S. Ct. 2527 (2003).

The Applicant alleges counsel failed to investigate and challenge the State's charge of Felony Driving Under The Influence against the Applicant. The Applicant alleges that he was not issued a citation in regards to a cause of the accident in which he was charged with Felony Driving Under The Influence.

The Applicant alleges he did not receive his "Brady", Rule 5, Motion For Discovery, which is a violation of his United States Constitution, Bill of Rights, Amendment VI, right to be confronted with the evidence and witnesses against him.

The Applicant alleges his guilty plea resulted from ineffective assistance of counsel. See *Hill v. Lockhart*, 474 U.S. 52 (1985).

### Bias By Trial Judge

The Applicant alleges that the Sentencing Judge worked in the same law firm, and at the same time as Applicant's Counsel, which, is a conflict of interest, and possibly bias against sentencing Judge, depending on the relationship between Sentencing Judge and Applicant's Attorney, as well as the reason the Sentencing Judge left the law firm. The Applicant alleges bias by the Judge. See *Liteky v. U.S.*, 510 U.S. 540 (1994); *Arizona v. Fulminate*, 499 U.S. 279 (1991).

### Denial of Preliminary Hearing

The Applicant alleges he was denied his right to a Preliminary Hearing. In *State v. Brown* (S.C. 1902) 62 S.C. 374, 40 S.E.776, it states in part: Magistrates are: required to hold a preliminary investigation on the issue of a warrant charging a crime at the demand of the defendant.

(R. at 22–23.)

On December 1, 2011, an evidentiary hearing was held before the Honorable Diane S. Goodstein. (R. at 29–62.) Petitioner was present and represented by Andrew J. Brown, Esquire. (*See*

R. at 29.) In an order dated June 17, 2013, and filed in September 2013, Judge Goodstein denied the application for post-conviction relief and dismissed the petition. (R. at 63–70.)

Petitioner, through Laura M. Caudy, Appellate Defender with the South Carolina Commission on Indigent Defense, filed a *Johnson*[1] Petition for Writ of Certiorari on September 10, 2014. (*See* Dkt. No. 21-2.) Through counsel, Petitioner raised the following issue:

> Whether Petitioner's guilty plea was knowingly, intelligently, and voluntarily made where plea counsel failed to properly investigate the case and discuss with Petitioner the evidence plea counsel had received from the state including the MAIT report, the autopsy report, and the results of Petitioner's blood-alcohol content, and where Petitioner testified that he would not have pled guilty if he would have been fully informed of all the evidence?

(Dkt. No. 21-2 at 3 of 13 (footnote omitted).) PCR appellate counsel also submitted a petition to be relieved as counsel, indicating "[i]n her opinion seeking certiorari from the order of dismissal [was] without merit." (Dkt. No. 21-2 at 12 of 13.) Thereafter, Petitioner submitted a *pro se Johnson* petition, arguing two issues (verbatim):

> 1) Was Petitioner's guilty plea knowingly, intelligently, and voluntarily made where plea counsel failed to properly investigate the case assuring that the evidence against Petitioner supported all elements of the all[e]ged crime charged in the original indictment, which should have included the MAIT*1 Report and the Autopsy Report, before advising Petitioner to enter into a guilty plea? And was plea counsel ineffective for his performance in Petitioner's case?
>
> 2) Did the Circuit Court err in accepting and allowing Petitioner to enter into a guilty plea where the necessary elements needed to prove felony driving under the influence (death) had not been substantiated?

(Dkt. No. 21-3 at 3 of 10 (footnote omitted).) The South Carolina Supreme Court entered an order denying the petition for a writ of certiorari and granting counsel's request to withdraw on October 8, 2014. (Dkt. No. 21-4.) The matter was remitted to the lower court on October 24, 2014. (Dkt. No. 21-5.)

Petitioner then filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

---

[1] *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

3

> **Ground One**
> **Supporting facts**: Ineffective Assistance of Counsel
> Bias by Trial Judge
> A. Plea judge and attorney had worked in the same law firm
> Denial of preliminary hearing
>
> **Ground Two**: (1) Was Petitioner's guilty plea knowingly, intelligently, and voluntarily (2) Did the Circuit Court Err in accepting Guilty Plea
> **Supporting facts**: Petitioner's guilty plea was not knowingly, intelligently, and voluntarily made where plea counsel failed to properly investigate the case and assure that the evidence against petitioner supported all elements of the alleged crime charged in the original indictment which should have been all evidence contained within the mait report and Autopsy report before advising petitioner to enter into a guilty plea and made counsel performance ineffective in the process.

(Dkt. No. 1.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322–23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th

Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## DISCUSSION

As noted above, both Petitioner and Respondent seek summary judgment in the instant case. (Dkt. Nos. 20, 21, & 24.) For the reasons set forth herein, the undersigned recommends granting Respondent's motion and denying Petitioner's motion.

### A.    **Ground One**

Petitioner's Ground One claim is somewhat ambiguous since Petitioner set out the components of that ground in list form, indicating his Ground One claim concerns ineffective assistance of counsel, bias by trial judge (specifically, that plea judge and plea counsel had worked in the same law firm), and denial of a preliminary hearing. (*See* Dkt. No. 1 at 7.) The undersigned interprets Ground One as an attempt to raise two ineffective assistance of counsel claims that were previously raised to the PCR court—that plea counsel was ineffective for failing to object to a biased

plea judge and that plea counsel was ineffective for failing to obtain a preliminary hearing. Both Petitioner and Respondent have moved for summary judgment on this ground.

Respondent asserts that Petitioner's Ground One is procedurally barred. Specifically, Respondent argues that if Petitioner's allegations that the plea judge was biased and that Petitioner was denied a preliminary hearing are considered stand-alone claims, then those claims are procedurally barred for a number of reasons, including that both should have been raised in a direct appeal, but Petitioner did not file a direct appeal of his guilty plea.[2]  (*See* Dkt. No. 21 at 13–16.) Respondent also contends that, even interpreted as ineffective-assistance-of-counsel claims, Petitioner's Ground One allegations are procedurally barred. Respondent argues that Petitioner failed to argue in his PCR appeal that "plea counsel was ineffective in allowing him to plead guilty before a judge who allegedly was biased *and* in denying him his right to a preliminary hearing." (Dkt. No. 21 at 16.) Thus, Respondent submits that the claims are barred. The undersigned disagrees. Since those same claims of ineffective assistance of counsel were ruled on by the PCR judge, they were preserved for appellate review, and the state appellate court would have necessarily reviewed the same in considering Petitioner's petition for writ of certiorari. *See Jamison v. State*, 765 S.E.2d 123, 128 (S.C. 2014) ("A petition filed pursuant to *Johnson v. State* is the post-conviction relief equivalent of a direct appeal filed pursuant to *Anders v. California*. This Court recently held that, "[u]nder the *Anders* procedure, an appellate court is required to review the entire record, including the complete trial transcript, for any unpreserved issues with potential merit." (internal footnotes and citations omitted)).  Accordingly, the undersigned rejects Respondent's argument that the ineffective-assistance-of-counsel claims in Petitioner's Ground One are procedurally defaulted. The undersigned will review these claims on the merits.

---

[2] The undersigned agrees with this analysis but has interpreted these allegations as part of ineffective-assistance-of-counsel claims rather than as stand-alone claims.

The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id.* While *Strickland* itself is a deferential standard, when both § 2254(d) and *Strickland* apply, "review is doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

The two-part test enunciated in *Strickland* applies to challenges to guilty pleas based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in *Strickland*], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Respondent acknowledges that the PCR court decided the issues of whether plea counsel was ineffective in allowing Petitioner to plead guilty before Judge Dickson, who was allegedly biased due to his prior working relationship with plea counsel, and whether plea counsel was ineffective for failing to obtain a preliminary hearing for Petitioner. Respondent asserts that the PCR court's determination of these issues "reasonable, correct, and fully supported by the record." (Dkt. No. 21 at 26–27.) The undersigned agrees.

In denying and dismissing these same claims, the PCR court found as follows:

### *Counsel failed to object to a biased trial judge*

This Court finds that the Applicant's allegation that Counsel was ineffective for allowing him to plead guilty before Counsel's former law partner is without merit. Applicant testified that he felt he "didn't get a fair shake" during his guilty plea because the plea judge, Judge Dickson, is a former law partner of Counsel. However, he acknowledged that Judge Dickson allowed him to return home for a few days to get his affairs in order and spend time with his family before starting his prison sentence and testified that he believes Judge Dickson was so understandable [sic] because of his prior relationship with Counsel. Counsel testified that he appears before Judge Dickson regularly, as he is one of two resident judges for Orangeburg and that he does not believe any conflict existed. Based on the foregoing, this Court finds that Counsel's performance was reasonable and effective in regards to this allegation.

Furthermore, Applicant failed to meet his burden of showing he was prejudiced by Counsel's alleged deficiency. Applicant testified that he believes Judge Dickson was understandable [sic] and afforded him additional time with his family and to put his affairs in order before starting his sentence. Additionally, this plea was entered without any negotiation or recommendation and Applicant received significantly less than the maximum sentence of twenty-five years imprisonment. This Court holds that the Applicant has failed to meet his burden of proof in regards to this allegation, which must be denied and dismissed with prejudice.

### *Counsel failed obtain [sic] a preliminary hearing for Applicant*

This Court finds the Applicant's allegation that Counsel was ineffective for failing to secure a preliminary hearing for Applicant is without merit, as Applicant was true bill indicted by the grand jury prior to the convening of the preliminary hearing. Under Rule 2(b), SCRCrimP, a preliminary hearing "shall not be held . . . if the defendant is indicted by a grand jury . . . before the preliminary hearing is held." Further, "any delay in holding the preliminary hearing is not a ground for delay in prosecution of the case in the court of general sessions." *State v. Hawkins*, 310 S.C. 50, 55, 425 S.E.2d 50, 53 (Ct. App. 1992). Applicant's charge was true bill indicted by the Orangeburg County Grand Jury on October 15, 2008. Therefore, Applicant was no longer entitled to a preliminary hearing on the charges after October 15, 2008.

> Additionally, in the context of *Strickland v. Washington*, Applicant has failed to carry his burden in proving resulting prejudice from any alleged deficiency on Counsel's part in this regard. Applicant testified that he never requested a preliminary hearing or discussed his desire for such with Counsel. The charge was presented to the Orangeburg County Grand Jury when sufficient probable cause was found, as evidenced by the true bill indictments returned October 15, 2008. Therefore, this Court can find no reasonable probability that had counsel demanded such a preliminary hearing be held, the charge would have been dismissed by the presiding magistrate judge. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which . . . will often be so, that course should be followed." *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 2069 (1984). For all of the reasons stated above, this allegation is denied and dismissed with prejudice.

(R. at 68–70.)

The PCR judge's factual findings are supported by the record. For example, plea counsel testified at the PCR evidentiary hearing that he often appeared before Judge Dickson, who was one of the resident judges of Orangeburg County. (R. at 52.) Plea counsel further testified, "If there was a particular reason that I knew that we had a conflict, we could get another judge. But I didn't know of any conflict in this case." (R. at 53.) Plea counsel recalled, "[I]t was a two-week term and so basically if we didn't enter into a plea that first week we were going to trial that next week. I believe Judge Dickson was going to be the judge both of those weeks." (R. at 54.) During his testimony, Petitioner admitted that Judge Dickson could have required him to report directly to the Department of Corrections after sentencing, but instead, Judge Dickson allowed Petitioner to return home to get his affairs in order. (*See* R. at 49–50.) Additionally, the plea record confirms that Judge Dickson sentenced Petitioner to eight years of incarceration, which was much less than the statutory maximum of twenty-five years set forth by S.C. Code Ann. § 56-5-2945. (*See* R. at 12.)

Petitioner has also failed to show that the PCR court misapplied *Strickland* in denying and dismissing Petitioner's ineffective-assistance-of-counsel claims. The PCR court found that plea counsel's failure to object to Judge Dickson presiding over Petitioner's guilty plea "was reasonable and effective . . . ." (R. at 68); *cf. Strickland*, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance

9

. . . ."). Furthermore, Petitioner failed to convince the PCR court that he had suffered any prejudice, and the PCR court specifically noted that Judge Dickson sentenced Petitioner to far less than the statutory maximum and allowed him to delay the sentence in order to put his affairs in order. (*See* R. at 68–69.) Similarly, Petitioner failed to convince the PCR court of any prejudice that resulted from plea counsel's failure to obtain a preliminary hearing. (*See* R. at 69.) The PCR court reasonably applied federal law in finding no prejudice as to these two ineffective-assistance-of-counsel claims. *See Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."); *see also Hill v. Lockhart*, 474 U.S. at 59 ("In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). The undersigned therefore recommends granting summary judgment to Respondent as to Ground One.

## B.    Ground Two

Petitioner contends in Ground Two that his guilty plea was not knowingly, intelligently, and voluntarily made where plea counsel failed to properly investigate the facts of Petitioner's case. According to Petitioner, plea counsel "failed to properly investigate the case and assure that the evidence against petitioner supported all elements of the alleged crime charged in the original indictment." (Dkt. No. 1 at 9.) Petitioner further explains that the relevant evidence would have encompassed information from the MAIT[3] report and autopsy report. (*See* Dkt. No. 1 at 9.) Petitioner has moved for summary judgment on this ground. (*See* Dkt. No. 24 at 3.) Respondent failed to specifically address Ground Two in the return.

The PCR court addressed this claim as follows:

---

[3] Multi-Disciplinary Accident Investigation Team, a division of the South Carolina Highway Patrol.

10

> This Court finds that the Applicant's allegation that he was denied effective assistance of trial counsel due to Counsel's lack of investigation is without merit. This Court finds that the guilty plea transcript, along with Counsel's credible testimony, reveals the proficient competency of counsel. Applicant alleges that Counsel should have investigated the results of the blood alcohol test, the accident report, and the MAIT team report, and reviewed this information with Applicant prior to his guilty plea. However, Counsel testified that he reviewed Applicant's case extensively with Applicant and answered all of Applicant's questions. At the evidentiary hearing, Applicant failed to produce any witnesses or evidence to show what additional information might have been gleaned from additional investigation. "Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result." *Moorehead v. State*, 329 S.C. 329, 496 S.E.2d 415 (1998). This Court finds that the Applicant's attorney demonstrated a normal degree of skill, knowledge and professional judgment that is expected of an attorney who practices criminal law. Therefore, this Court finds this allegation must be denied and dismissed with prejudice.

(R. at 67–68.)

The state court's rejection of this claim of ineffective assistance of counsel does not warrant federal habeas relief. Indeed, the record supports the PCR court's findings. Plea counsel testified that he discussed the elements of the felony DUI charge with Petitioner. (R. at 56–57.) Plea counsel also testified that he and Petitioner met many times and had numerous discussions about the facts of Petitioner's case. (R. at 56.) Plea counsel testified that he believed he answered all of Petitioner's questions during those meetings. (R. at 56.) Plea counsel recalled that

> from the beginning [Petitioner] had contended that there was—and there was—another car involved in the accident, directly involved. Another car was struck. There may yet have been other vehicles in the roadway that were changing lanes and depending on who you talked to, somebody moved lanes causing him to move lanes. That would be one version of the facts.
>
> Another version of the facts was somebody in front of him put on brakes suddenly. He switched lanes to avoid them. And yet another version of the facts would be that the other car hit him first causing him to leave the roadway. There were a lot of possibilities.
>
> However, I did talk to the, directly to the driver and the passenger in the other car that was struck to find out what they were going to say. And they were going to say that they always were on the traveled portion of the roadway and that he was the one that changed lanes improperly, striking them and then striking the bicycle.
>
> And, quite frankly, the physical evidence, the tire marks and where they went off the roadway, more supported that version of the facts that the other version which

11

> we could try to construct which is that somebody shifted into him. We didn't have any damage to his vehicle that we could show that he was struck first.
>
> We could have tried the case. I mean, we could have tried the case. And that would have been the issue; could we have created some doubt over whether he initiated this chain of events that led to him striking his good friend on the bicycle?
>
> But—and I explained to him, too, with a .22 blood-alcohol content, nearly three times people would call the legal limit, and the other witnesses, the other independent witnesses at the scene not supporting his version of the facts, you know, if we went to trial and lost he was going to get substantially more than if he took a plea and got what we believed to be, was going to be around an eight-year sentence which I think it was.

(R. at 56–58.) The PCR court's factual findings indicate that the court found plea counsel's testimony on this issue more credible than Petitioner's testimony, and such credibility findings are entitled to deference. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). Despite the arguments raised by Petitioner in his own motion for summary judgment, (*see* Dkt. No. 24 at 3), Petitioner has failed to show by clear and convincing evidence that the PCR court's factual findings are incorrect. *See* 28 U.S.C. § 2254(e)(1).

The PCR court's determination that Petitioner failed to establish either deficiency or prejudice reflects a reasonable application of federal precedent. For example, because Petitioner failed to present any witnesses or evidence to show what information additional investigation would have yielded, Petitioner failed to show prejudice. *See Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990) (noting an allegation that trial counsel did ineffective investigation does not support relief absent proffer of the supposed witness's favorable testimony). Accordingly, the undersigned concludes that the state court's rejection of this claim of ineffective assistance of counsel is not contrary to, or an unreasonable application of, clearly established federal law, nor did the state court adjudication result in an unreasonable determination of the facts. *See Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options

are virtually unchallengeable . . . ."). The undersigned therefore recommends denying summary judgment to Petitioner as to Ground Two and denying and dismissing that habeas ground.

## CONCLUSION

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 20) be GRANTED; that Petitioner's Motion for Summary Judgment (Dkt. No. 24) be DENIED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[4]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 11, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[4]Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).