IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Colter, Jr., ) | Civil Action No.: 2:15-1970-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Administrator of Barnwell County Detention ) | |
| Center, ) | |
| ) | |
| Respondent. ) | |

Petitioner David Colter, Jr., ("Petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker, for pre-trial proceedings and a Report and Recommendation ("Report").

On September 25, 2015, Respondent Administrator of Barnwell County Detention Center ("Respondent"), filed a motion for summary judgment as well as a return and memorandum. (ECF Nos. 20, 21.) Since Petitioner is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on September 28, 2015, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (ECF No. 22.) In that order, Petitioner was advised of the possible consequence of dismissal if he failed to respond adequately. Petitioner did not file a response but instead, filed his own motion for summary judgment, to which Respondent filed a response in opposition. (ECF Nos. 24, 25.) Magistrate Judge Baker considered the parties' submissions and the record in this case, and recommended that Respondent's Motion for Summary Judgment be granted, that Petitioner's Motion for Summary

-2-

be denied, and Petitioner's habeas petition be dismissed with prejudice. (ECF No. 26.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted). The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. (ECF No. 26 at 14.) Petitioner has filed no objections and the time for doing so expired on July 28, 2016.

After a thorough review of the record of this matter, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 26) by reference into this order.

It is therefore ORDERED that Respondent's Motion for Summary Judgment (ECF No. 20) is GRANTED; Petitioner's Motion for Summary (ECF No. 24) is DENIED, and Petitioner's habeas petition is dismissed with prejudice.

-3-

CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

/s/ Bruce Howe Hendricks
United States District Judge

Greenville South Carolina
August 9, 2016

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.